# NO. 12-19-00004-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES J. WHITE,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *LARRY SMITH, IRA EARLS AND FNU*<br>*BENSON,*<br>*APPELLEES* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for want of jurisdiction. Appellant, James J. White, filed a pro se notice of appeal to challenge the trial court's judgment in favor of Appellees. On November 6, 2018, White filed a motion to modify the judgment. His notice of appeal, filed on January 2, 2019, states that his motion to modify extended the time for filing a notice of appeal to ninety days following signing of the judgment. Also, on January 2, this Court notified White that his notice of appeal does not show the jurisdiction of this Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.1, 26.3. We informed White that his appeal would be dismissed unless the information was amended on or before January 14 to show this Court's jurisdiction. On January 17, White filed a response stating that he is "within the allowable time to perfect his appeal." We disagree.

Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The notice of appeal must be filed within ninety days after the judgment is signed if a party timely files a motion to modify the judgment. *See* TEX. R. APP. P. 26.1(a)(2). A motion to modify shall be filed prior to or within thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a), (g). Rule 26.3 provides that a motion

to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3.

In this case, because the trial court signed the judgment on September 12, 2018, White was required to file his motion to modify no later than October 12. *See* TEX. R. CIV. P. 329b(a), (g). He did not file his motion until November 6, 2018; thus, the motion was untimely and did not serve to extend the appellate deadline for filing a notice of appeal. *See* TEX. R. CIV. P. 329b(a), (g); *see also* TEX. R. APP. P. 26.1(a)(2). For this reason, White's notice of appeal was due on or before October 12 and any motion to extend the deadline for filing a notice of appeal was due on or before October 29. *See* TEX. R. APP. P. 4.1 (computing time). Because Appellant filed his notice of appeal after the October 12 deadline and he did not seek an extension, his notice of appeal is untimely. Accordingly, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered January 23, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 23, 2019**

**NO. 12-19-00004-CV**

**JAMES J. WHITE,**
Appellant
V.
**LARRY SMITH, IRA EARLS AND FNU BENSON,**
Appellees

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 16-0130-C/B)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*